```
              IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
JIMMIE MCNEAL,
                                    *
     Plaintiff,
                                    *
          v.                             CIVIL NO.: WDQ-07-1177
                                    *
COMPANION PROPERTY &
CASUALTY INSURANCE COMPANY,
                                    *
     Defendant.
                                    *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

                         MEMORANDUM OPINION

     Jimmie McNeal sued Companion Property & Casualty Insurance
Company ("Companion") for breach of contract.  Pending is
Companion's Motion to Dismiss or, in the alternative, Motion for
Summary Judgment. For the following reasons, Companion's motion
will be denied.

I.   Background

     McNeal owned a International House of Pancakes restaurant at
1804 Pulaski Highway in Edgewood, Maryland.  Companion insured
the restaurant.  Compl. ¶ 2.  On August 9, 2001, the restaurant
sustained fire loss, and McNeal demanded payment under the
Insurance Policy.  *Id.* ¶ 3.  Companion made substantial payments
to the restaurant.[1]  *Id.* ¶ 4.  On April 4, 2004, McNeal claimed

---

[1] Companion allowed a building loss claim of $432,564.30 and
contents loss of $148,446.87.  Compl. ¶ 4.  The Defendant
withheld $57,618.95 for the building and $45,364.05 for the

additional payments were owed.  *Id.*  When Companion denied this request, McNeal filed suit on April 29, 2007 for breach of contract.  *Id.* ¶ 5.

II.  Analysis

    A.   Standard of Review

    Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although the statute of limitations is an affirmative defense, it may be raised under Rule 12(b)(6) "when the face of the complaint reveals that the cause of action has not been brought within the applicable limitations period."  *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).  An action barred by a statute of limitations may not be maintained.  *North Am. Specialty Ins. Co. v. Boston Med. Group*, 170 Md. App. 128, 142 (Md. Ct. Spec. App. 2006).

    The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

---

contents.  *Id.*

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

B.   Discussion

1.   Contract Interpretation

Like other contracts, insurance contracts must be interpreted according to the sense and meaning of their terms. *John Hancock Life Ins. Co. of Boston v. Plummer*, 181 Md. 140, 142 (Md. 1942).  If an ambiguity exists it should be resolved against the drafter of the policy.  *United States Fid. and Guar. Co. v. Nat'l Paving and Contracting Co.*, 228 Md. 40, 50 (Md. 1962).

Maryland courts apply an objective standard when interpreting and construing contracts.  *Gen. Motors Acceptance Corp. v. Daniels*, 303 Md. 254, 261 (Md. 1985).  The principal goal in the interpretation of contracts is to effect the intention of the parties.  *Kaster Constr. Co., Inc. v. Rod Enters., Inc.*, 268 Md. 318, 328 (Md. 1973).  When a contract's language is expressed in clear and unambiguous terms, the court will not engage in construction, but will consider the writing as conclusive of the parties' intent.  *Gen. Motors*, 303 Md. at 261.

2.    Limitation of Actions

Companion argues that McNeal's breach of contract claim is barred by the statute of limitations because he did not file within three years of the date when the loss occurred.[2]  Def.'s Supp. Mem. Ex. 1.  The fire occurred on August 9, 2001, but McNeal failed to file suit until April 4, 2007; therefore Companion argues that the claim is barred.  Def.'s Supp. Mem. at 2.

McNeal counters that his claim is not barred because he filed suit after his payment request was denied.  Pl.'s Resp. Mem. at 1.  McNeal complains that he could not have instituted suit before April 29, 2004 because there had been no breach of the contract.  *Id.*  Further, McNeal asserts that Companion's argument thwarts the purpose of the statute because it fails to provide plaintiff a fair opportunity to file suit.  *Id.*

In Maryland, a civil action must be filed within three years of the date it accrues.  Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2006).  An insurance policy cannot shorten the limitations period because it is against public policy, Md. Code Ann., Ins., § 12-104 (West 2006), however, a contract that alters the normal rules governing the time for accrual of a cause of action is

---

[2] The insurance policy states that "[n]o one may bring a legal action against us under this Coverage Party unless . . . the action is brought within 3 years after the date on which the direct physical loss or damage occurred." Commercial Property Conditions, Maryland Changes ¶ D(2).

enforceable.  *Coll. of Notre Dame of Maryland, Inc. v. Morabito Consultants, Inc.*, 132 Md. App. 158, 178 (Md. Ct. Spec. App. 2000).

The parties agreed that under the policy, suit against Companion must be filed within 3 years after the "direct physical loss or damage occurred."  *See* Def.'s Supp. Mem. Ex. 1.  On August 9, 2001, McNeal's restaurant sustained fire damage, and he immediately filed an insurance claim.  On April 29, 2004, Companion denied McNeal's request for additional payments, and on April 4, 2007--less than three years later--he filed a breach of contract claim.

McNeal's breach of contract claim did not accrue until his request for payment was denied; thus, he had no breach of contract claim until that denial.  Under Companion's reasoning, McNeal would have been required to file suit before his claim existed.

Statutes of limitation balance the competing interests of the parties.  This is accomplished by encouraging the suppression of stale claims, while preventing unfairness to plaintiffs who exercise reasonable diligence in pursuing a claim.  *Pennwalt Corp. v. Nasios*, 314 Md. 433, 444 (Md. 1988) (*citing Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665 (Md. 1983)). Judicial economy would suffer if McNeal and similar plaintiffs were forced to file anticipatory suits to ensure that they were

timely filed.  This would defeat the purpose of statutes of limitation and be contrary to public policy.

III.  Conclusion

For the stated reasons, Companion's motion to dismiss will be denied.


September 21, 2007                    _____/s/_____
Date                                  William D. Quarles, Jr.
                                      United States District Judge